IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOANNE SHEPARD                                                            PLAINTIFF

v.                  Civil No. 10-2021

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Joanne Shepard, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental insurance benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**     **Procedural Background:**

The plaintiff filed her applications for DIB and SSI on December 3, 2006, alleging an amended onset date of December 1, 2007[1], due to anxiety, asthma, chronic obstructive pulmonary disease ("COPD"), sleep apnea, and depression. Tr. 94-101, 121, 147-148, 165-166. Her applications were initially denied and that denial was upheld upon reconsideration. An

---

[1]Plaintiff originally alleged an onset date of September 2, 2006. However, at the hearing, she testified that she had worked full-time as a gas station cashier from January 2007 until May 2007 and from July 2007 until November 2007, at which time the gas station went out of business. Tr. 18-20. Accordingly, her attorney amended her onset date to December 1, 2007. 34.

administrative hearing was held on August 4, 2008. Tr. 7-40. Plaintiff was present and represented by counsel.

At this time, plaintiff was 45 years of age and possessed an eighth grade education. Tr. 16-, 57. She had past relevant work ("PRW") experience as a cashier, paint master, day care worker, hospital linen washer, and temporary worker. Tr. 18-19, 122, 128-132, 170.

On October 23, 2008, the ALJ found that plaintiff's asthma, COPD, arthritis, anxiety, and depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 52-54. After partially discrediting plaintiff's subjective complaints, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work requiring only two hours of walking and standing per eight-hour day. He also found Plaintiff to be unable to work near concentrated fumes, odors, dusts, gases, poor ventilation, and extreme temperatures, requiring a climate controlled environment. Mentally speaking, the ALJ concluded that Plaintiff was limited to performing work where the interpersonal contact was routine but superficial and involved unskilled, simple one-to-two step repetitive tasks. Tr. 54-56. With the assistance of a vocational expert, the ALJ found plaintiff could perform work as a food order clerk, surveillance system monitor, and interviewer. Tr. 57-58.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 28, 2010. Tr. 1-4. Subsequently, plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 12, 13.

II.    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. <u>Discussion</u>:

There are two issues of great concern in the present case. First, the undersigned is troubled by the lack of evidence to support the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). However, the United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by

medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

We are also bothered by the lack of record development in this case. The ALJ also has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for him to make an informed decision. *See Payton v. Shalala*, 25 F.3d 684, 686 (8th Cir. 1994); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).

In the present case, records indicate that Plaintiff had a history of hernias, asthma, and COPD. The medical evidence of record is scant, but it does reveal that Plaintiff suffered from mild to moderate respiratory symptoms and had been prescribed medications for these problems. Tr. 207-211, 221-226. It does not, however, indicate how this impairment impacted her ability to perform work-related activities. Likewise, the record reveals a history of recurrent hernias that could affect her ability to lift, carry, stoop, crouch, crawl, bend, balance, and reach, but there is no medical evidence to correlate the impairment with its resulting limitations. *See Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990) (holding that an "ALJ must not substitute his opinions for those of the physician"). As the record stands, there are no medical records to establish Plaintiff's abilities or limitations. *See Lewis*, 353 F.3d at 646 (holding there must be some medical evidence to support the ALJ's RFC assessment. Further, the only RFC assessment contained in the record was completed by a non-examining consultant. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined

the plaintiff once or not at all does not generally constitute substantial evidence). Accordingly, we find insufficient evidence upon which to base an RFC assessment and conclude that remanded is necessary to allow the ALJ to send Plaintiff out for a consultative exam to develop the record concerning her RFC. *See Barrett v. Shalala*, 38 F.3d 1019, 1023 (8th Cir. 1994) (holding ALJ required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled).

We also note that Plaintiff underwent an initial mental evaluation with Dinora Reyes, a counselor at Western Arkansas Counseling and Guidance Center. Tr. 257. At this time, she reported a significant level of distress caused by symptoms of anxiety and depression. Plaintiff stated that she felt restless, anxious, fearful, and was experiencing panic attacks and feelings of overwhelm. These symptoms purportedly interfered with her sleep and appetite. Plaintiff also complained of racing thoughts, rapid heart beat, easy anger, crying spells, muscle tension, and feelings of hopelessness and worthlessness. Ms. Reyes recommended that Plaintiff undergo a psychiatric evaluation and participate in individual and group therapy to assist in decreasing the intensity and frequency of her distressing symptoms. Tr. 257. There is, however, no evidence to indicate that Plaintiff ever underwent a psychiatric evaluation, in spite of Plaintiff's requests that the ALJ order a consultative exam. And, we note that the ALJ did find Plaintiff's mental impairments to be severe. Accordingly, we believe the ALJ should have ordered a psychological evaluation of Plaintiff to discern what, if any, limitations her depression and anxiety had on her ability to work. *See Dozier v. Heckler,* 754 F.2d 274 (8th Cir. 1985) (per curiam) (finding

reversible error where the ALJ did not order a psychiatric or psychological examination to evaluate a claimant's anxiety where consulting physician had diagnosed Plaintiff with anxiety).

The evidence also indicates that Plaintiff was experiencing financial difficulties and may have been unable to obtain medical treatment and medication due to her financial condition. The ALJ, however, did not properly address this issue. Therefore, on remand, the ALJ should also consider Plaintiff's financial constraints. *See Tome v. Schweiker*, 724 F.2d 711, 714 (8th Cir. 1984) (holding that a lack of sufficient financial resources to follow prescribed treatment to remedy a disabling impairment may be an independent basis for finding justifiable cause for noncompliance).

## IV. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of February 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)