IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOANNE SHEPARD                                                                    PLAINTIFF

v.                                          CIVIL NO. 10-2021

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                   DEFENDANT

## AMENDED MEMORANDUM OPINION AND ORDER

Plaintiff, Joanne Shepard, appealed the Commissioner's denial of benefits to this court. On February 23, 2011, an Order was entered remanding the case pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.  On June 15, 2011, plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $ 2,485.00 for 14.00 attorney hours at a rate of $165.00 per hour, and 3.50 paralegal hours at a rate of $50.00 per hour.  ECF No. 17-2.  The defendant has filed a response to plaintiff's voicing no objections to Plaintiff's motion.  ECF No. 18.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  The Commissioner filed the Motion to Remand initiating the remand in this case, and has voiced no objection to an award of fees in this matter.  The court construes this action and lack of opposition to the award of a reasonable fee as an admission that the government's decision to deny benefits was not "substantially justified."  Therefore, we find plaintiff to be a prevailing party in this matter.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C.

§ 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney. *Meyers v. Heckler*, 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991) (quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an

objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index.

In this case, counsel has attached a summary of the Consumer Price Index as an exhibit and presented evidence of an increase in the cost of living. The court agrees with counsel that a cost of living increase is appropriate. We find that an award based upon an hourly rate of $165.00 per

3

hour, reflecting an increase in the cost of living, is appropriate in this instance. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). Thus, counsel will be awarded $165.00 per hour for all work performed before this Court.

Plaintiff's counsel has also requested compensation for paralegal time at the rate of $50.00 per hour. Accordingly, we find $50.00 per hour for paralegal work to be a reasonable rate. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

We have reviewed counsel's itemization of time appended to plaintiff's application. Counsel seeks compensation for .20 paralegal hours for verifying valid service of summons and executing and filing the Return of Service and .30 paralegal hours for preparing and scanning the Affidavit of Service. We find that filing, faxing, and mailing documents, as well as verifying service are tasks that could have easily been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, we will deduct .50 paralegal hours from the total number of compensable hours.

In addition, counsel requests reimbursement for 2.00 paralegal hours for preparing the Motion for EAJA fees. We find the total amount of time requested to be excessive. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Therefore, we will reduce counsel's total number of compensable hours by .50 paralegal hours.

Counsel also requests compensation for 11.60 attorney hours for reviewing the transcript and preparing plaintiff's brief. However, there were no unique or complex issues to be developed in this particular case, and the transcript was approximately 257 pages long. Plaintiff's counsel frequently represents social security plaintiff's before this court and should

4

be well versed in social security law. Accordingly, we find that the time submitted for preparing this brief to be excessive. Therefore we are reducing the number of hours submitted for the preparation of plaintiff's brief to 10.00 hours.

Further, counsel has requested .30 attorney hours for filing a motion for an extension of time to file his brief. As counsel should have been able to submit all arguments within the time frame provided for by the Court, we will award no additional time for the preparation or filing of the motion for extension of time. Accordingly, .30 attorney hours will be deducted from the total number of compensable hours.

Based on the above, we will award plaintiff attorney fees under the EAJA for: 12.10 (14.00-1.90) attorney hours, at the rate of $165.00 per hour and 2.50 (3.50-1.00) paralegal hours at the rate of $50.00 per hour for a total fee award of $2121.50. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties should be reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

Further, the Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, not the prevailing litigant's attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2252-2253 (2010). Therefore, any EAJA award by this Court should be made payable to plaintiff and not plaintiff's counsel.

Dated this 9th day of December 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

5

**AO72A**
**(Rev. 8/82)**